```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                         FORT MYERS DIVISION


DANA LAMB,

                    Plaintiff,

vs.                                    Case No.   2:05-cv-50-FtM-29DNF

SHIVANI, INC., a Florida corporation
doing business as Travel Inn,

                    Defendant.
_____
```

**OPINION AND ORDER**

This matter comes before the Court on plaintiff's Motion for Attorneys' and Expert's Fees, Litigation Expenses and Costs (Doc. #29), filed on February 2, 2006. No response has been filed and the time to do so has now expired.

**I.**

Plaintiff initiated the case by filing a Complaint (Doc. #1) on February 4, 2005. Finding no responsive pleading, plaintiff moved for and was granted a Clerk's Entry of Default on April 6, 2005. (See Docs. #8, #9). On April 11, 2005, the parties filed a Stipulation to Set Aside Entry of Default by the Clerk (Doc. #10). The Stipulation was granted on April 12, 2005, and the default set aside. (See Doc. #12). No Answer was filed in this case, however, the parties settled and filed a Joint Motion for Entry of Consent Order and Final Judgment (Doc. #27). On January 31, 2006, the Court entered an Order Approving Consent Decree (Doc. #28) and

retained jurisdiction over its enforcement. No dispositive motions were filed or considered during the pendency of the case, and the case was resolved without Court intervention.

**II.**

Under 42 U.S.C. § 12205, a prevailing party is entitled to a "reasonable attorney's fee, including litigation expenses, and costs" at the Court's discretion. Although not prevailing in the traditional sense, the Court finds that plaintiff is the prevailing party, as defined by the Eleventh Circuit Court of Appeals, and is entitled to a reasonable fee, including expenses and costs under the terms of the Consent Decree. The Court must, however, determine whether the fee request is reasonable as to the hours and the rate. The Court concludes that the amount of a reasonable attorney fee is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rate. A reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman v. Housing Auth. of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988). Plaintiff seeks attorney fees in the amount of $ 11,103.50 at a rate of $265.00 per hour for 41.90 hours of work. Plaintiff further seeks $2,650.00 for expert fees and $473.27 in costs.

**A.**

Upon review, the Court finds that counsel Stephan M. Nitz has not demonstrated that $265.00[1] an hour is a reasonable hourly rate. Although admitted since 1995, counsel provides no curriculum vitae or resume to support his experience, e.g., Access for the Disabled, Inc. v. CSM Props. P'ship, 2005 WL 1528662 (M.D. Fla. 2005)(finding $250.00 an hour to be a reasonable rate for an attorney admitted since 1995 who has conducted ten trials in federal court), and most of his cases are resolved with little Court intervention.  As a result, the Court will reduce the hourly rate to $200.00 an hour based on this Court's previous finding that $200.00 an hour is a reasonable rate for Mr. Nitz.  See Lucibello v. Kimi Haga, Inc., 2:05-cv-269-FTM-29SPC.

**B.**

The Court finds that the hours requested are excessive in light of the standardized pleadings and progress of the case.  It is clear that the time and labor, level of difficulty required, and requisite skill are minimal because of the appearance of counsel and his firm in hundreds of cases, including cases ending with the entry of a Consent Decree.[2]   Additionally, the Court is not

---

[1] Plaintiff suggests that $265.00 an hour is an appropriate rate based on the determination by other Judges that $265.00 an hour is reasonable.  The Court notes that some Judges have also found $175.00 to be the more appropriate hourly rate for this area based on statistics maintained by the Florida Bar.

[2] The law firm of Schwartz Zweben & Slingbaum, LLP, has filed
(continued...)

-3-

inclined to award fees for traveling because plaintiff chose counsel outside of the area. The following hours will be reduced or eliminated:

| DATE: | HOURS REQUESTED: | REDUCED AMOUNT: |
|---|---|---|
| 01/10/2005 | 0.80 | 0.60 |
| 01/20/2005 | 0.90 | 0.50 |
| 01/24/2005 | 0.70 | 0.50 |
| 01/25/2005 | 0.10 | 0.10 |
| 02/09/2005 | 0.20 | 0.00 |
| 02/10/2005 | 0.50 | 0.20 |
| 04/27/2005 | 2.90 | 2.0 |
| 04/28/2005 | 4.10 | 2.10 |
| 05/04/2005 | 0.40 | 0.20 |
| 08/02/2005 | 0.30 | 0.10 |
| **TOTAL:** | 10.9 | 6.3 |

(Doc. #29, Ex. A). Therefore, the 41.90 hours requested will be reduced to 37.3 hours at a rate of $200.00 an hour for a total of **$7,460.00** in attorney's fees.

## C.

Plaintiff seeks $473.27 in costs and expenses. Upon review, the Court finds that the amount should be reduced by $67.77 to eliminate the costs for using PACER, postage, and travel/mileage

---

[2](...continued)
over 500 cases in the Middle District of Florida and it is clear that many of the filings are now standardized.

expenses as overhead.  Therefore, the Court will award costs and expenses in the amount of **$405.50.**

**D.**

Plaintiff also seeks reimbursement for expert fees for hiring Tcherneshoff Consulting, Inc. to conduct the inspection of the property.  Plaintiff seeks a total of $2,650.00.  The Invoice (Doc. #29, Ex. D) reflects a charge of $250.00 to provide a pricing estimate.  The Court finds that this should also be eliminated as an overhead expense.  The Court otherwise finds the expert fees requested to be reasonable and will allow **$2,400.00.**

Accordingly, it is now

**ORDERED:**

1.  Plaintiff's Motion for Attorneys' and Expert's Fees, Litigation Expenses and Costs (Doc. #29) is **GRANTED** in part and **DENIED** in part as detailed above.

2.  The Clerk shall enter an Amended Judgment incorporating that plaintiff is entitled to **$7,460.00** in attorney fees, **$405.50** in costs, and **$2,400.00** in expert fees.

**DONE AND ORDERED** at Fort Myers, Florida, this ___19th___ day of April, 2006.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record